Mark D. Kremer (SB# 100978)
 *m.kremer@conklelaw.com*
Zachary Page (SB# 293885)
 *z.page@conklelaw.com*
CONKLE, KREMER & ENGEL
Professional Law Corporation
3130 Wilshire Boulevard, Suite 500
Santa Monica, California  90403-2351
Phone: (310) 998-9100 • Fax: (310) 998-9109

Attorneys for Belava, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BELAVA, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SKINACT, a California corporation; DRO HARTOONIANS, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE No.<br><br>**COMPLAINT FOR:**<br><br>1. **PATENT INFRINGEMENT**<br><br>2. **TRADE DRESS INFRINGEMENT**<br><br>3. **UNFAIR COMPETITION**<br><br>Trial Date:       None |

0238.003\9999

COMPLAINT

Plaintiff Belava, LLC ("Belava" or "Plaintiff") alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to patents and trademarks); and 28 U.S.C. § 1367 (supplemental jurisdiction).

2. This Court has personal jurisdiction over Defendant SkinAct because SkinAct is incorporated in and does business in California. This Court has personal jurisdiction over Defendant Dro Hartoonians ("Hartoonians") because Hartoonians is domiciled in California.

3. Venue is proper in this Court under 28 U.S.C. § 1391(a) because Defendants SkinAct and Hartoonians reside in Los Angeles County, California.

## THE PARTIES

4. Plaintiff Belava, LLC is a California limited liability company with its principal place of business at 21500 Blythe Street, Canoga Park, CA 91304.

5. On information and belief, Defendant SkinAct is a California corporation with its principal place of business in Los Angeles County, California. SkinAct sells its products throughout the United States, including in Los Angeles County, California.

6. On information and belief, Defendant Hartoonians is an individual residing in Los Angeles County, California. Plaintiff is informed and believes that Hartoonians is an owner and officer of SkinAct.

7. On information and belief, there are other individuals who make, supply, or sell products in violation of law, and violate Plaintiff's rights as alleged herein. Plaintiff is ignorant of their true identities or complete roles in the alleged conduct and therefore sues them by the fictitious names DOES 1 through 10. Plaintiff is informed and believes that each of the defendants designated as a DOE is liable in some manner for the acts and omissions, damages, and injuries of which Plaintiffs allege in this Complaint. Plaintiff will seek to amend this Complaint to state the true identities of DOES 1 through 10 when ascertained. SkinAct, Hartoonians, and DOE Defendants are referred to collectively as "Defendants."

8. On information and belief, each of the Defendants were at all relevant times acting to the fullest extent recognized by law as the agent, employee, or co-conspirator of each of the other Defendants, and that in committing the acts and omissions alleged herein and causing the damage and injuries alleged, were acting within the scope of such agency, employment, or conspiracy. Defendants have committed acts in furtherance of the conspiracy, given aid and encouragement to their co-conspirators, and ratified and adopted the acts of their co-conspirators.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. In 2004, Belava introduced its distinctive and innovative plastic tubs and disposable liners for use during pedicures. For over 10 years, Belava has manufactured, marketed, and sold its soaking tubs and disposable liners both in combination and separately as an elegantly designed product line with a distinctive and unmistakable look that consumers have come to associate with the Belava name ("Belava Trade Dress"). Images of Belava's soaking tub and disposable liner are depicted below.



10. Belava owns all rights in United States Patent No. D 504,178 ('178), which patents the design of the Belava tub and liner. An image of the Belava tub and liner from the '178 patent is shown below.



11. On information and belief, Defendants manufacture, sell, and/or distribute tubs and liners that infringe on the Belava Trade Dress and the '178 patent. An example of Defendants' infringing tubs and liners is displayed below.



0238.003\9999

-3-
COMPLAINT

12. Belava also owns all rights in United States Patent Nos. 6,886,191 ('191) and 7,559,096 ('096), which patent the soaking basin in combination with the liner and a supporting, vibrating, and heating platform. The '178, '191, and '096 patents are collectively referred to herein as the "Belava Patents." Exemplars of an authorized realization of the Belava patented inventions are displayed below.




13. In or around August 2016, Belava discovered Defendant SkinAct has been making, importing, using, offering to sell, or selling pedicure spa equipment, that infringe the Belava Patents (the "Infringing Products"). The Infringing Products utilize a soaking basin with a supporting platform, a vibrating platform, a heating platform, and/or disposable liners, directly infringing on the Belava Patents. Examples of the Infringing Products are displayed below.




14. Belava is informed and believes that Hartoonians aided, abetted, participated in, authorized, and/or approved of SkinAct's unlawful acts of infringement as alleged herein.

15. By this action, Belava seeks to enjoin Defendants' unlawful conduct and obtain compensation for the infringement.

## FIRST CLAIM FOR RELIEF
## FOR PATENT INFRINGEMENT UNDER 35 U.S.C. § 101 *et seq.*
### (Against All Defendants)

16. Belava repeats and realleges paragraphs 1-15 of this Complaint.

17. Defendants have infringed and/or continue to infringe the Belava Patents by making, using, selling, and/or offering to sell in the United States the Infringing Products.

18. Defendants' infringing activities violate 35 U.S.C. § 271.

19. Defendants have profited from the infringing activities.

20. On information and belief, Defendants have acted willfully and intentionally in designing, making, using, selling, and/or offering to sell in the United States products that infringe the Belava Patents.

21. As a direct and proximate result of Defendants' conduct, Belava has been substantially harmed, has suffered actual damages and lost profits, and has been forced to retain legal counsel and pay attorneys' fees and costs associated with bringing this action to enforce its rights.

# SECOND CLAIM FOR RELIEF
# FOR TRADE DRESS INFRINGEMENT
# UNDER 15 U.S.C. § 1125(a) *et seq.*.
# (Against All Defendants)

22.   Belava repeats and realleges paragraphs 1-21 of this Complaint.

23.   Belava is the owner of all rights to its distinctive pedicure tubs and disposable liners. The Belava Trade Dress is illustrated in detail in the '178 patent, and includes nonfunctional elements constituting the distinctive appearance of the Belava Trade Dress.

24.   The Belava Trade Dress has acquired secondary meaning among consumers identifying Belava as the source of these products. Belava's promotion of the distinctive Belava tub and liner has resulted in Belava's acquisition of valuable, legally protected rights in the Belava Trade Dress as well as considerable customer goodwill.

25.   Defendants' infringing tubs and liners have misappropriated the Belava Trade Dress by copying a combination of several of its elements. Defendants' manufacture, sale, and/or distribution of the infringing liners is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Defendants' infringing tubs and liners with Belava or as to the origin, sponsorship or approval by Belava of Defendants' infringing tubs and liners. Use of the Belava Trade Dress has unjustly enriched Defendants.

26.   Defendants' conduct constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

1   27.  On information and belief, Defendants knew of the Belava Trade Dress when Defendants manufactured, sold, and/or distributed the infringing tubs and liners. Defendants' infringement has been and continues to be intentional, willful, and without regard to the protected Belava Trade Dress.

28.  Belava is informed and believes, and on that basis alleges, that Defendants have gained profits by virtue of its infringement of the Belava Trade Dress.

29.  Belava also has sustained damages as a direct and proximate result of Defendants' infringement of the Belava Trade Dress in an amount to be proven at trial.

30.  Belava has no adequate remedy at law.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged, Belava will continue to suffer irreparable harm.

31.  Defendants' actions have been willful and Belava is entitled to treble its actual damages or Defendants' profits, whichever is greater, and to an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF
### FOR UNFAIR COMPETITION
### UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE
### § 17200 *et seq.*
**(Against All Defendants)**

32.  Belava repeats and realleges paragraphs 1-31 of this Complaint.

33. The acts of Defendants described above constitute unlawful, unfair or fraudulent business acts or practices, and/or unfair, deceptive, untrue or misleading business practices as defined by California Business & Professions Code § 17200 *et seq*.

34. The acts of Defendants described above create a false impression of the Infringing Products in connection with Belava's products and patented technology. This false impression has damaged and continues to damage Belava and consumers because Defendants' acts are likely to cause confusion as to the source of Defendants' products and is likely to cause others to be confused or mistaken into believing that there is a relationship between Defendants and Belava or that Defendants' products are affiliated with or sponsored by Belava when no such relationship, affiliation, or sponsorship exists.

35. The acts of Defendants described above also create a false impression of the infringing tubs and liners in connection with the Belava Trade Dress and '178 patent. This false impression has damaged and continues to damage Belava and consumers because Defendants' acts are likely to cause confusion as to the source of Defendants' products and is likely to cause others to be confused or mistaken into believing that there is a relationship between Defendants and Belava or that Defendants' products are affiliated with or sponsored by Belava when no such relationship, affiliation, or sponsorship exists.

36. The above-described acts and practices by Defendants are likely to mislead or deceive the general public and therefore constitute fraudulent business practices in violation of California Business & Professions Code § 17200 *et seq*. In performing the acts and unfair business practices alleged, Defendants are engaging in unlawful and unfair competition in violation of Belava's rights.

37. As a direct and proximate result of Defendants' unlawful conduct, Belava has been substantially harmed, has suffered actual damages and lost profits, and will continue to suffer harm unless Defendants' acts are enjoined by the Court.

38. Belava has no adequate remedy at law. Defendants' acts and omissions as alleged herein have and will cause damages to Plaintiff that are difficult, if not impossible, to measure. Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged, Belava will continue to suffer irreparable harm.

39. Defendants should be required to restore to Belava any and all profits earned as a result of its unlawful and fraudulent actions, or provide Belava with any other restitutionary relief as the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Belava prays for relief against Defendants as follows:

1. For a judgment that Defendants have infringed the Belava Patents;

2. For an order and judgment preliminarily and permanently enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of the Belava Trade Dress, including but not limited to making, using, selling, and/or marketing the current infringing liner;

3. For an order and judgment preliminarily and permanently enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, and all

others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of the Belava Patents, including but not limited to making, using, selling, and/or marketing the current Infringing Products;

4. For an order that Defendants shall destroy all goods that infringe the Belava Trade Dress;

5. For an order that Defendants shall destroy all goods that infringe the Belava Patents;

6. For a judgment awarding Belava all damages adequate to compensate for Defendants' infringement of the Belava Trade Dress and the Belava Patents, including all prejudgment and postjudgment interest at the maximum rate permitted by law;

7. For a judgment awarding Belava all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

8. For actual damages suffered by Belava as a result of Defendants' unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

9. For a judgment trebling any damages award pursuant to 15 U.S.C. § 1117;

10. For restitutionary relief against Defendants and in favor of Belava including disgorgement of wrongfully obtained profits and any other appropriate relief;

1    11.    For costs of suit and attorneys' fees; and

3    12.    For such other and further relief as the Court deems just and proper.

Dated:  September 29, 2016          Mark D. Kremer
                                    Zachary Page, members of
                                    CONKLE, KREMER & ENGEL
                                    Professional Law Corporation


                              By:  */s/ Mark D. Kremer*
                                   Mark D. Kremer
                                   Attorneys for Belava, LLC

0238.003\9999

-11-
COMPLAINT